In the Matter of JAMES H. SHEILS et al., Appellants, v STATE TAX COMMISSION, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered August 22, 1978 in Albany County, which dismissed petitioners' application in a proceeding pursuant to CPLR article 78, to vacate three determinations of the respondent State Tax Commission. The facts of this matter are uncontested. Petitioners James Sheils, William Gregory and George Gregory were partners in a stock brokerage firm during the tax years in question. The partnership sustained heavy business losses in 1969. Thereafter, the partnership members and their wives filed amended returns applying for Federal and New York State tax refunds for 1967 and, except for petitioners George and Mary Gregory, who did not apply for a Federal refund in 1968, 1968 as well. The claims were paid in full by the Internal Revenue Service. The New York State Income Tax Bureau partially denied them their claims for refunds on the theory that the taxpayers could take a State net operating loss deduction only in the amount of their positive Federal taxable income. On appeal, the Tax Commission limited the taxpayers use of their loss each year to the amount of Federal taxable income in those years, notwithstanding the fact that the taxpayers' New York taxable income exceeded its Federal taxable income. At issue here is the question of how a New York resident must compute his New York taxable income in a situation where he has sustained a substantial loss and wishes to carry that loss back to offset gains in prior years. We note that the New York Tax Law explicitly incorporates a carryback of net operating loss deduction. Subdivision (a) of section 612 of the Tax Law provides that the New York adjusted gross income of a resident equals his Federal adjusted gross income as defined in the Internal Revenue Code, with the modifications contained in the remainder of the section (see 20 NYCRR 116.1). To determine New York adjusted gross income, the taxpayer must first determine his Federal adjusted gross income. Under section 62 of the Internal Revenue Code (US Code, tit 26, § 62), a net operating loss carryback deduction is to be subtracted from gross income to arrive at the Federal

adjusted gross income. By implication then, the New York Tax Law allows a taxpayer to a carryback net operating loss deduction by incorporating the Federal deduction. It is at this point that the parties disagree. Petitioners contend that there can be a negative adjusted gross income as a result of the net operating loss carryback deduction while the commission is of the contrary view. A resolution of the matter requires a focus on the relevant Federal statutes which have been incorporated into the State tax structure. Section 172 of the code provides, in relevant part: "(a) Deduction allowed.— There shall be allowed as a deduction for the taxable year an amount equal to the aggregate of (1) the net operating loss carryovers to such year, plus (2) the net operating loss carrybacks to such year. For purposes of this subtitle, the term 'net operating loss deduction' means the deduction allowed by this subsection. (b) Net operating loss carrybacks and carryovers.— * * *(2) Amount of carrybacks and carryovers.—Except as provided in subsection (g), the entire amount of the net operating loss for any taxable year (hereinafter in this section referred to as the 'loss year') shall be carried to the earliest of the taxable years to which (by reason of paragraph (1)) such loss may be carried. The portion of such loss which shall be carried to each of the other taxable years shall be the excess, if any, of the amount of such loss over the sum of the taxable income for each of the prior taxable years to which such loss may be carried. *For purposes of the preceding sentence, the taxable income for any such prior taxable year shall be computed—* * **(B) by determining the amount of the net loss deduction— (i) without regard to the net operating loss for the loss year or for any taxable year thereafter, and * * * and the taxable income so computed shall not be considered to be less than zero".* (US Code, tit 26, § 172, subds [a], [b]; emphasis added.) The State Tax Commission, in denying petitioners a full deduction, cited this statute as authority when it opined as follows: "The portion of the net operating loss allowable as a carryback deduction is limited (under § 172 (b) (2) of the Internal Revenue Code) to the amount of modified taxable income computed thereunder and this modified taxable income for such a year may not be less than zero." We conclude that the commission erred in this interpretation of the statute. Section 172 (subd [b], par [2]) of the code serves the limited purpose of setting forth the method for determining what portion of a net operating loss incurred in any year may be carried to other years. It does not define the amount to be allowed as a deduction in any year. The construction given section 612 of the Tax Law by the commission is irrational and unreasonable. It flies in the face of the plain meaning of the statute and subverts the intent of the Legislature to conform New York returns to Federal returns. The petitioners are entitled to payment of the refunds. Judgment reversed, on the law, determinations annulled, with costs, petition granted and matter remitted to the State Tax Commission for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur. [95 Misc 2d 605.]