THE HOLDING COMPANY, Plaintiff-Appellant, v. THE DEPARTMENT OF REVENUE, Defendant-Appellee.

First District (6th Division)   No. 1—90—0514

Opinion filed April 5, 1991.—Rehearing denied July 8, 1991.

Neal, Gerber & Eisenberg, of Chicago (Diane M. Anderson, of counsel), for appellant.

Roland Burris, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Deborah L. Ahlstrand, Assistant Attorney General, of Chicago, of counsel), for appellee.

PRESIDING JUSTICE RAKOWSKI delivered the opinion of the court:

The subject of this appeal is an order entered by the circuit court of Cook County on administrative review which upheld the decision of the Illinois Department of Revenue assessing a tax deficiency for the Holding Company's fiscal tax year ending August 31, 1980 (TYE 8/31/80). The issues raised on appeal are: (1) whether the IL—1120—X form filed by the Holding Company for the TYE 8/31/80 is a return under the Illinois Income Tax Act (Act) (Ill. Rev. Stat. 1979, ch. 120, par. 1—101 *et seq.*); (2) whether the statute of limitations bars any tax

liability for the TYE 8/31/80; and (3) whether the Holding Company is entitled to a "loss carryback" to abate its tax liability. We affirm.

During the relevant time period, the Holding Company was a Delaware corporation with all of its income allocated to Illinois for State tax purposes. Plaintiff was also a member of an affiliated group of entities that filed a consolidated Federal income tax return. In order to determine its taxable income in Illinois, the plaintiff, as a consolidated corporation, was required to include with its State income tax return a copy of its U.S. Form 1120 and attachments.

Plaintiff's original State tax return (IL—1120) for the TYE 8/31/80 was due to be filed with the Illinois Department of Revenue (Department) by November 15, 1980, pursuant to section 505 of the Act (Ill. Rev. Stat. 1979, ch. 120, par. 5—505(a)(1)). However, the plaintiff obtained an extension for the filing of its return until May 15, 1981. Approximately 14 months later on July 1, 1982, the plaintiff filed an "Amended Corporation Income and Replacement Tax Return" (IL—1120—X) for the TYE 8/31/80. Form IL—1120—X, which is the form prescribed for amended returns, reported the tax originally due for the tax year at issue as $27,376. The IL—1120—X form also reported an income loss for the TYE 8/31/81 which was then carried back to the previous tax year to reduce plaintiff's tax liability for that year to zero. The plaintiff indicated on the IL—1120—X form that no tax had been paid for the TYE 8/31/80, and that no refund was claimed.

On October 4, 1982, the Department notified the plaintiff that its original IL—1120 return for the TYE 8/31/80 could not be located, and a copy of the original return with supporting documents was requested. The Department also requested copies of the Federal forms in support of the net operating loss (NOL) which was carried back to the TYE 8/31/80. On February 25, 1983, the plaintiff furnished the Department with the Federal documents but failed to provide the Department with copies of its IL—1120 for the TYE 8/31/80 or any of the supporting documents.

The Department subsequently conducted an audit of the plaintiff for the TYE 8/31/80 and found a tax liability of $27,367 plus interest and penalty. On April 11, 1985, the Department issued a notice of deficiency to the plaintiff in the amount of $34,220, which included the taxes, interest and penalty. The plaintiff filed a timely protest to the deficiency notice and requested a hearing, which was held on April 22, 1986. At the hearing, the plaintiff argued that the "carryback" was a "math error," that the lien provisions of the Income Tax Act barred collection by the Department, and that the filing of the IL—1120—X constituted the filing of plaintiff's return for the TYE 8/31/

80. On January 8, 1987, the Department issued its notice of decision, upholding the tax deficiency and penalties assessed against the plaintiff. The administrative law judge (ALJ) found that the plaintiff failed to file an IL—1120 form for the TYE 8/31/80, the IL—1120—X form did not constitute an original or an amended return, the tax liability was not assessed as a result of a math error, the plaintiff could not carry back its NOL for the TYE 8/31/81, and the plaintiff's failure to file an IL—1120 return was not due to reasonable cause. On February 13, 1987, the plaintiff filed a complaint for administrative review. The circuit court affirmed the Department's decision.

Plaintiff first contends that the IL—1120—X form filed by the plaintiff constitutes a return under the Act because it contains all of the information necessary to compute the plaintiff's Illinois tax liability. Plaintiff's Illinois tax return, Form IL—1120 for the TYE 8/31/80, was initially due to be filed by November 15, 1980. Plaintiff did not file its return at that time and made no payment of estimated taxes. Plaintiff subsequently obtained an extension of its filing date until May 15, 1981, but still failed to file its IL—1120 return. Approximately 14 months later, on July 1, 1982, plaintiff filed an "Amended Corporation Income and Replacement Tax Return" (Form IL—1120—X). On this form, the plaintiff claimed that its Federal taxable income for the TYE 8/31/80 was reduced from $400,000 to zero due to a Federal NOL carryback from the TYE 8/31/81. Plaintiff further claimed that no Illinois tax was due. On the IL—1120—X, plaintiff noted that "the income tax of $15,986 and replacement tax of $11,390 were *not paid* with the original return; a refund is not claimed." (Emphasis in original.) On October 4, 1982, the Department informed the plaintiff that plaintiff's original IL—1120 and supporting documents could not be found. The Department requested copies of the missing documents as well as copies of Federal forms in support of the NOL carryback. However, plaintiff did not file Form 1139 with the Internal Revenue Service in order to reduce its Federal taxable income for the TYE 8/31/80 until February 25, 1983. Plaintiff subsequently provided the Department with a copy of Federal Form 1139, but did not furnish the Department with a copy of the IL—1120 or its supporting documents.

■ According to agency regulations, the form prescribed for filing an original return is the IL—1120 form. A corporation determines its Illinois taxable income based on calculations from its reportable Federal taxable income on U.S. Form 1120. (Ill. Rev. Stat. 1979, ch. 120, pars. 2—201, 2—202, 2—203(b), (e)(1); *Bodine Electric Co. v. Allphin* (1980), 81 Ill. 2d 502, 505, 410 N.E.2d 828.) When a corporation's taxable income is included in a consolidated Federal income tax

return with its subsidiaries, the corporation is required to recompute its Federal taxable income on a separate basis in order to determine its Illinois taxable income. Therefore, with its IL—1120 form, the affiliated corporation is required to include *pro forma* copies of schedules L, M—1, M—2 and U.S. 1120 as if they had been filed on a separate basis. (See *Searle Pharmaceuticals, Inc. v. Department of Revenue* (1987), 117 Ill. 2d 454, 460-61, 512 N.E.2d 1240.) The Illinois tax due is payable "on or before the date fixed for filing such return (determined without regard to any extension of time for filing the return) pursuant to regulations prescribed by the Department." (Ill. Rev. Stat. 1979, ch. 120, pars. 6—601(a), 6—602(a).) The Act also provides for the filing of amended returns where the Federal taxable income is altered and reflects a change in the Illinois base income. (See Ill. Rev. Stat. 1979, ch. 120, par. 5—506(b).) A net operating loss (NOL) carryback is one method for adjusting Federal income. The Internal Revenue Code provides for a NOL carryback to reduce Federal taxable income for three preceding years in which the loss was sustained. (26 U.S.C. §§172(a), (b)(1)(A) (1982).) Thus, where this change in Federal income occurs, the Illinois taxpayer may file an amended return and request a refund of any overpayment of taxes previously paid. (Ill. Rev. Stat. 1989, ch. 120, par. 9—911(b)(1); see *Searle,* 117 Ill. 2d 454.) (Prior to *Searle,* consolidated corporations were only allowed to carry a NOL forward. See discussion below.) Pursuant to the Act, a refund is only allowed if the required payment for the tax year has been made. (Ill. Rev. Stat. 1979, ch. 120, par. 9—909(a).) In addition, a refund by amendment may only be filed if the return for the taxable year has been filed. 86 Ill. Adm. Code §100.9110(f) (1985).

Based on these provisions, the proper procedure for this plaintiff would have been to: (1) file its IL—1120 corporate return with supporting and *pro forma* Federal documents for the TYE 8/31/80 by the original filing date along with the income tax due or file a tentative return with the payment of an estimated tax by the filing date; (2) file State and Federal returns for the TYE 8/31/81; (3) amend its Federal return for 8/31/80 to reduce its taxable income by carrying back the NOL of the succeeding year (an election not available to plaintiff prior to the Illinois Supreme Court's ruling in *Searle*); and (4) file an amended IL—1120—X form and claim a refund of overpayment.

In this case, no return or payment of taxes due for the TYE 8/31/80 was filed by the original or extended filing date. Contrary to the provisions of the Act, plaintiff filed an IL—1120—X form 14 months after the extended filing date. Plaintiff thus attempted to bypass the provisions requiring the timely filing of an original return with the

payment of taxes and negate its State tax liability by the belated filing of an IL—1120—X return after its 1981 loss had been sustained. In addition, although plaintiff reported its change in Federal taxable income to Illinois in July 1982, the loss carryback and change in Federal taxable income were not reported to the Internal Revenue Service until February 1983.

Although plaintiff fails to characterize the IL—1120—X which it filed in July 1982 as an original or amended return, plaintiff claims that the form was a return because it contained all of the information necessary to compute plaintiff's Illinois income tax liability for the TYE 8/31/80. Plaintiff relies on *Germantown Trust Co. v. Commissioner of Internal Revenue* (1940), 309 U.S. 304, 84 L. Ed. 770, 60 S. Ct. 566, in support of this argument. In *Germantown Trust Co.*, a trustee timely filed an original fiduciary income tax return rather than a corporate return which was subsequently determined to be the correct form to file. The United States Supreme Court held that the fiduciary return, which was timely filed by the taxpayer, constituted an original return pursuant to the relevant Federal statutes because it disclosed all of the data which would have been on the corporate tax return.

In this case, plaintiff failed to file a timely return, pay the taxes due or provide the necessary supporting documents, original State return or *pro forma* Federal forms. Plaintiff claims that the missing information was a math error. However, even if the missing information could be labeled as a math error, the form would still not qualify as a return under the facts of *Germantown Trust Co.*, where the Court made no such exception for this deficiency. *Germantown Trust Co.* is further distinguishable because the trustee in that case filed the fiduciary return with the good-faith belief that it was the appropriate form. In this case, plaintiff did not inadvertently file the wrong form but knowingly tried to combine two separate tax actions in a single form. In doing so, plaintiff has attempted to create its own filing procedures rather than comply with the procedures of the Department and legislature. The Supreme Court in *Commissioner of Internal Revenue v. Lane-Wells Co.* (1944), 321 U.S. 219, 84 L. Ed. 684, 64 S. Ct. 511, addressed a similar situation where the taxpayer failed to file the required returns. The Court stated:

> "Congress has given discretion to the Commissioner to prescribe by regulation forms of returns and has made it the duty of the taxpayer to comply. It thus implements the system of self-assessment which is so largely the basis of our American scheme of income taxation. The purpose is not alone to get tax

information in some form but also to get it with such uniformity, completeness, and arrangement that the physical task of handling and verifying returns may be easily accomplished." (*Lane-Wells Co.*, 321 U.S. at 223-24, 84 L. Ed. at 687, 64 S. Ct. at 513.)

Although *Lane-Wells Co.* involved Federal income tax provisions, we find the Court's reasoning applicable to the facts of this case.

■ We thus conclude that the IL—1120—X did not constitute a return. It was not an original return because the form required for an original return was the IL—1120 form, and it was not an amended return because no original return had been filed to amend. In addition, the form was not filed until 14 months after the extended filing date, and no taxes were paid by the original filing date of November 15, 1980, or the extended filing date of May 15, 1981, as required by the Act. Finally, the form did not contain all of the required information and did not qualify as a return under the holding of *Germantown Trust Co.*

Although a conclusion that the IL—1120—X did not constitute a return renders the remaining parts of plaintiff's argument moot, they are briefly addressed below. The plaintiff's remaining argument is that the loss carryback claimed on the return was a math error because it directly violated the Illinois statute in effect when the IL—1120—X was filed. Because the loss carryback was a math error, it is not subject to plaintiff's protest or administrative review. As a consequence, the Department was required to serve the plaintiff with a notice of lien within two years from the date of the filed return. Plaintiff concludes that because the Department has not yet served the plaintiff with this notice, it is now barred from holding the plaintiff liable for any taxes, penalty or interest.

The plaintiff argues that the loss carryback is a math error pursuant to section 1501 of the Illinois Income Tax Act (Ill. Rev. Stat. 1981, ch. 120, par. 15—1501(a)(12)(D)) because it was an attempt to claim a deduction in a manner contrary to the provisions of the Act. The provision to which the plaintiff refers is section 203 of the Illinois Income Tax Act (Ill. Rev. Stat. 1981, ch. 120, par. 2—203(e)(2)(E)) which, at the time the plaintiff claimed its loss carryback, prohibited a member of an affiliated group of corporations from carrying back a separate Illinois NOL on its Illinois income tax return based on the fact that the members of the group filed a consolidated Federal return. This provision was subsequently found to be unconstitutional in *Searle Pharmaceuticals, Inc.* (117 Ill. 2d at 478-79).

■ The application of subsection D of the math error provision was recently addressed in *Department of Revenue v. Walsh* (1990), 196 Ill. App. 3d 772, 554 N.E.2d 433. The court discussed the meaning of the terms "directly contrary," stating that where there was reasonable doubt that the Act and the regulations clearly prohibited the claimed item, it should not be treated under the mathematical error provision of the Act. The court further stated that substantive matters requiring extensive analysis should not be treated as math errors. (*Walsh*, 196 Ill. App. 3d at 784.) In view of the complexity of section 203(e)(2)(E) and the fact that the constitutionality of this provision was being challenged at the time of the administrative hearing, we conclude that the ALJ's finding that the plaintiff's loss carryback deductions were deficiencies rather than math errors was proper. Therefore, under the current provisions of the Act, the Department has three years from the date that "all proceedings in court for the review of such assessment have terminated." (Ill. Rev. Stat. 1989, ch. 120, par. 11—1101(c).) As a result, the Department is not barred by the statute of limitations from ruling that tax liability, penalty and interest are owed by the plaintiff.

■ The plaintiff next contends that even if the Department is not barred by the statute of limitations, plaintiff is entitled to a loss carryback to reduce its tax liability. A credit against tax liability is only allowed if an overpayment is made. (Ill. Rev. Stat. 1981, ch. 120, par. 9—909(a).) In addition, Department regulations require that in order to claim a refund by amendment, the taxpayer must have previously filed a return for the relevant tax year. 86 Ill. Adm. Code §100.9110(f)(1985).

Because the plaintiff did not file an original return and did not pay any of the taxes owed for the TYE 8/31/80, the plaintiff cannot now use a loss carryback to reduce its liability.

Accordingly, the judgment of the circuit court on administrative review is affirmed.

Judgment affirmed.

EGAN and LaPORTA, JJ., concur.