CHARLES JONES, Plaintiff-Appellee and Cross-Appellant, v. PEORIA COUNTY SHERIFF'S MERIT COMMISSION *et al.*, Defendants-Appellants and Cross-Appellees.

Third District   No. 3—92—0953

Opinion filed August 26, 1993.—Rehearing denied October 6, 1993.

Kevin W. Lyons, State's Attorney, of Peoria (Chris L. Fredericksen, Assistant State's Attorney, of counsel), for appellant George P. Shadid.

Prusak, Winne & Wombacher, Ltd., of Peoria (William C. Wombacher, of counsel), for other appellants.

Jackson, Mitchell & Collier, of Peoria (Donald R. Jackson, of counsel), for appellee.

JUSTICE LYTTON delivered the opinion of the court:

This case involves review of the Peoria County circuit court's order requiring the defendant, the Peoria County Sheriff's Merit Commission (commission), to impose discipline short of the commission's original order of discharge of the plaintiff from the sheriff's department. We reverse the circuit court's order.

Plaintiff, Charles Jones (Jones), is a lieutenant employed by the Peoria County sheriff's department. In August 1988, defendant George Shadid (Shadid), sheriff of Peoria County, was informed by the department's fleet manager that vehicle No. 741, an unmarked squad car, had an unusually high amount of miles on it. Shadid determined that in a 22-day period of time Jones had used the car 15 to 16 times. Shadid ordered an investigation of Jones' use of vehicle No. 741.

During the investigation, several incidents involving Jones arose that were in violation with a general order and a rule of the department. Specifically, Jones was observed seven times engaged in conduct that violated general order B-86-24. General order B-86-24 required all radio-equipped officers of the Peoria County sheriff's department to advise the radio dispatcher of their location whenever they exited their vehicle for any reason. Jones was observed in Mister Donut and Hardees on these occasions without having advised the dispatcher of his location.

Jones was also observed engaged in conduct that violated Rule 2.9, which provides that officers are not to use department vehicles without permission, or for any use other than official business. Specifically, Jones was observed four times allowing Nena Blackard (Blackard), a 17-year-old high school student, to enter the department's vehicle for purposes other than official police business. Jones did not receive permission from the sheriff to allow Blackard or any other female to be present in the department's vehicle with Jones.

A complaint was filed against Jones with the commission alleging six counts of neglect of duty. A hearing was conducted by the commission, and on September 22, 1989, the commission entered an order finding Jones guilty of all charges. The commission discharged Jones from employment from the sheriff's department effective September 22, 1989.

Jones filed a complaint in Peoria County circuit court for review of the commission's decision. The circuit court conducted hearings on the complaint, and on March 26, 1992, entered an order sustaining the findings of the commission. However, the circuit court found insufficient cause for discharge and vacated the commission's order as to the discharge. The circuit court remanded the matter back to the commission for a disciplinary decision other than discharge.

Pursuant to this remand, on September 14, 1992, the commission entered an order demoting Jones from the rank of lieutenant to the rank of deputy and suspended him without pay for a period of 180 days. The commission specifically indicated that its order was entered under protest and only to comply with the circuit court's order so that the March 26, 1992, order would become final. This order was subsequently confirmed by the circuit court on December 2, 1992. However, the circuit court, instead of directing the commission to consider the issues of reinstatement, back pay and benefits, directed the commission to immediately reinstate Jones and to provide back pay. The court also determined that March 27, 1989, was the end of Jones' six-month suspension.

Shadid and the commission appeal the circuit court's order by right. Jones cross-appeals the commission's decision by right. We reverse the circuit court and affirm the commission.

■ It is well established that an administrative agency's findings of fact are to be considered *prima facie* true and correct. (*Blunier v. Board of Fire & Police Commissioners* (1989), 190 Ill. App. 3d 92, 101, 545 N.E.2d 1363, citing Ill. Rev. Stat. 1985, ch. 110, par. 3—110.) This court reviews an agency's findings of fact only to determine if they are against the manifest weight of the evidence. (*Blunier*, 190 Ill. App. 3d at 101.) There are no disputed facts at issue in the commission's appeal.

The commission argues, however, that the circuit court erred in finding that there was insufficient cause for Jones' discharge under these facts. This court must review an administrative agency's application of the law to the facts, that is, the administrative decision itself. The standard of review of the correctness of an administrative decision is whether it is against the manifest weight of the evidence. " 'A decision is contrary to the manifest weight of the evidence only when, after viewing the evidence in a light most favorable to the agency, the court determines that no rational trier of fact could have agreed with the agency's decision.' " *Blunier*, 190 Ill. App. 3d at 101, quoting *Service Employees International Local Union No. 316 v. Illinois Educational Labor Relations Board* (1987), 153 Ill. App. 3d 744, 753, 505 N.E.2d 418.

■ In the instant case, the circuit court found that the commission's findings "are not against the manifest weight of the evidence, *except where contrary to the balance of this Order.*" (Emphasis in original.) The court then went on to find that there was insufficient cause for the commission to discharge Jones. In so finding, the court expressly relied on *Launius v. Board of Fire & Police Commissioners* (1991), 211 Ill. App. 3d 545, 570 N.E.2d 532. The appellate court found that sufficient cause for the discharge of an officer must be based on actions "which reflect dishonesty or a flaw in integrity or character and which carry an implication that the officer is unfit to serve as a police officer." *Launius*, 211 Ill. App. 3d at 556-57.

Applying this standard, the circuit court found that the charges against Jones did "not rise to that level," nor were they "sufficiently detrimental to discipline nor do they sufficiently detract from the efficiency of the service to merit discharge."

However, after the trial court issued its March 26, 1992, order, the Illinois Supreme Court reversed *Launius*. (*Launius v. Board of Fire & Police Commissioners* (1992), 151 Ill. 2d 419, 603 N.E.2d 477.)

The supreme court expressly rejected the appellate court's standard for determining cause upon which the Peoria County circuit court relied in this case. The supreme court defined "cause" as " ' "some substantial shortcoming which renders [the employee's] continuance in his office or employment in some way detrimental to the discipline and efficiency of the service and something which the law and a sound public opinion recognize as a good cause for his [discharge]." ' " (*Launius*, 151 Ill. 2d at 435, quoting *Walsh v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 101, 105, quoting *Fantozzi v. Board of Fire & Police Commissioners* (1963), 27 Ill. 2d 357, 360.) The court then stated that a "cause" finding is to be respected by a reviewing court and should be " 'overturned only if it is arbitrary and unreasonable or unrelated to the requirements of the service.' " (*Launius*, 151 Ill. 2d at 435, quoting *Walsh*, 96 Ill. 2d at 105.) Based on the fact that the circuit court relied on a standard for determining cause that was subsequently reversed by the supreme court, the circuit court erred. This, however, does not conclude our analysis.

The most damaging evidence that was introduced at Jones' hearing involved Jones' use of the police vehicles and his allowing Blackard to be present in the vehicles without permission. As stated earlier, Blackard was a 17-year-old high school student at the time of the incidents. Other officers observed Jones with Blackard in a police vehicle at various remote parking lots in Peoria. The officers testified that on two occasions, Blackard was seen kissing Jones on the cheek. Jones did not deny these allegations.

As to one of the incidents, Jones testified that he was talking with Blackard to help her with family problems. During this meeting, Blackard supposedly gave Jones some information regarding underage drinking parties. Although Jones said that he then investigated a party, he was seen taking a coffee break at Mister Donut. On the other occasions, Jones admitted that his contact with Blackard had nothing to do with police business and that he did not have permission for Blackard to enter the vehicle.

As to the remaining evidence introduced regarding Jones' failure to notify the dispatcher that he was away from the police vehicle in violation of general order B-86-24, the six-count complaint alleging Jones' neglect of duty was not based on any of these violations and, therefore, is not totally relevant to our inquiry of whether the commission's decision was arbitrary or unreasonable.

■ It is well established that a court reviewing an agency's decision is limited in its review and cannot substitute its judgment for that of the agency. (*Kappel v. Police Board* (1991), 220 Ill. App. 3d

888

580, 590, 580 N.E.2d 1314.) We hold that the commission's decision to discharge Jones for the admitted conduct was related to the needs of the service of the Peoria County sheriff's department and, therefore, was not an unreasonable or arbitrary form of discipline. Jones held a position of supervisory authority within the sheriff's department. His example of allowing unauthorized persons into a police vehicle for furtherance of a personal relationship can be considered detrimental to the discipline and efficiency of the sheriff's department. The liability considerations that are opened up by such activities are obvious. The circuit court erred in remanding the matter back to the commission to administer a discipline short of discharge, and its decision is reversed.

Based on our conclusion that the commission's discharge of Jones was related to the needs of the service of the sheriff's department, and was not arbitrary or unreasonable, we hold that Jones' cross-appeal alleging that the commission's decision to discharge was against the manifest weight of the evidence is without merit.

Because of our decision, the other issues raised by the parties need not be addressed.

The commission's decision to discharge is affirmed. The order of the trial court is reversed.

Reversed.

BRESLIN and STOUDER, JJ., concur.