PEORIA AND PEKIN UNION RAILWAY COMPANY, Plaintiff-Appellee, v. THE DEPARTMENT OF REVENUE *et al.*, Defendants-Appellants.

Third District    No. 4—97—0786

Opinion filed December 18, 1998.—Rehearing denied January 27, 1999.

HOLDRIDGE, J., dissenting.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and A. Benjamin Goldgar (argued), Assistant Attorney General, of counsel), for appellants.

Joseph J. Bembenek, Charles Couri, and Timothy S. Flaherty (argued), all of Westervelt, Johnson, Nicoll & Keller, of Peoria, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

On this appeal, the plaintiff, Peoria & Pekin Union Railway Company (railway), argues that the Illinois Department of Revenue (Department) unlawfully sought to recover taxes and penalties for a deficiency from 1988 by employing the federal change provisions of

the Illinois Income Tax Act (Act) (35 ILCS 5/101 *et seq.* (West 1996)) after adjustments were made to its return by the Internal Revenue Service (IRS). We hold that because of the IRS's upward adjustment of the railway's 1988 taxable income, the Department could properly assess the railway for resulting deficiencies. We therefore reverse and reinstate the Department's decision.

## ·I. BACKGROUND

The railway is a railroad operating in Illinois from its principal place of business in Creve Couer. In 1980 the railway entered into an agreement to borrow federal funds for improvements as permitted under the Railroad Revitalization and Regulatory Reform Act (45 U.S.C. § 801 *et seq.* (1982)). Ultimately, $3.49 million was borrowed and the projects were completed by 1982. By 1988, when the funds had not been paid back, the railway reached an agreement with the federal railroad administrator to pay $1.54 million in full satisfaction of the indebtedness. The amount forgiven was $1.95 million.

A 1992 IRS audit determined that the forgiveness constituted taxable income under the Internal Revenue Code (Code) (26 U.S.C. § 101 *et seq.* (1982)). The IRS also concluded that beginning in 1982 the railway improperly deducted interest totalling $324,804. Since none of the interest had actually been paid, the IRS found that it too constituted taxable income.

Because of these determinations, adjustments were made to the railway's 1988 federal return. The effect of the adjustment was to increase the railway's income for that year by $2,274,804 ($1,950,000 + $324,804). The difference resulted in a modification to its 1988 "taxable income" from the reported—$879,261 to $1,395,543. Regardless of the change, the IRS was unable to assess the railway for taxes due from 1988 because the three-year statute of limitations in section 6501(a) of the Code (26 U.S.C.A. § 6501(a) (West Supp. 1998)) had expired. An affidavit from IRS agent Donald Blair confirmed that although the railway's taxable income increased as a result of the audit, no federal assessment followed due to the expiration of the limitations period. The railway did not, however, escape federal assessments entirely. It was required to recalculate net operating loss and investment tax credit carryforwards for tax years 1989-91.

Information regarding the audit was subsequently disclosed to the Illinois Department of Revenue pursuant to section 6103(d) of the Code (26 U.S.C.A. § 6103(d) (West Supp. 1998)). The railway filed amended Illinois returns reflecting changes in its federal taxable income for tax years 1989-91. On May 13, 1994, an amended Illinois return for 1988 was also filed. It did not reflect changes in income but

noted in part VI that it was "being filed as a result of a 1988 RAR which affected the NOL C/F. No change in taxable income results due to the expiration of the statute." A Department audit concluded that there had been a change in federal taxable income which necessitated an amended return required by section 506(b) of the Act (35 ILCS 5/506(b) (West 1994)). A recalculation led the Department to conclude that the railway's base income for 1988 was $1,359,483 rather than $0, as it had claimed.[1] A notice of deficiency for tax year 1988 was issued on October 12, 1994, for $132,831 plus $42,559 in interest. Due to recomputation, the amount was later reduced to $158,215, which included a penalty of $28,941. The statement in the notice explained the deficiency as follows:

"As a result of the Internal Revenue Service audit changes for the taxable year ending December 31, 1988 and your filing of the IL—1120—X dated May 13, 1994, it is necessary to reduce the allowable subtraction modification for Pre-86 Federal Net Operating Loss to zero. (Illinois Income Tax Act, Sections 203(b) and 506(b))."

The railway disputed its tax liability, claiming that the Department had no greater power to tax than the IRS and, since the limitations period expired for 1988, no assessment was possible. A hearing followed before an administrative law judge (ALJ). The ALJ rejected the railway's arguments. She concluded that although the limitations period expires three years from the date a return is filed, the Department may issue a notice of deficiency within two years of notice to the Department of a change to taxable income under section 905(a) of the Act (35 ILCS 5/905(a) (West 1996)). Because there was a change, the ALJ determined that the Department had an additional two years and that it had properly filed the notice within that period. Ultimately the ALJ concluded that the assessment was proper and that the railway's failure to exercise ordinary business care under the circumstances warranted a penalty.

The railway sought administrative review in the circuit court. Without elaboration, the court found that the Department's action was "contrary to law" and reversed. The Department appeals.

## II. STANDARD OF REVIEW

■ An appellate court's role in an appeal from an administrative decision is to review the agency's determination, not the circuit court

---

[1]The Department's notice of deficiency does report a federal taxable income *before net operating loss deductions* of $1,653,605. But it then reduces the railway's allowable net operating loss from $1,617,545, as originally reported by the railway, to $258,062, taking into consideration the federal audit. Thus, the railway's base income reported on its state income tax return changed from $0 to $1,359,483.

decision. *Jackson v. Board of Review*, 105 Ill. 2d 501, 475 N.E.2d 879 (1985). Judicial review of administrative decisions extends to all questions of law and fact presented by the record. 735 ILCS 5/3—110 (West 1996); *Sandburg Faculty Ass'n v. Illinois Educational Labor Relations Board*, 248 Ill. App. 3d 1028, 618 N.E.2d 989 (1983). An agency's findings of fact are considered *prima facie* true and correct. 735 ILCS 5/3—110 (West 1996); *Strube v. Pollution Control Board*, 242 Ill. App. 3d 822, 610 N.E.2d 717 (1993). The court reviews the agency's factual findings only to determine if they are against the manifest weight of the evidence. *Jones v. Peoria County Sheriff's Merit Comm'n*, 249 Ill. App. 3d 883, 619 N.E.2d 830 (1993). The court may not reweigh the evidence or substitute its judgment for that of the administrative agency. *Strube*, 242 Ill. App. 3d at 826, 610 N.E.2d at 720; *Farmers State Bank v. Department of Employment Security*, 216 Ill. App. 3d 633, 576 N.E.2d 532 (1991). As for questions relating to the interpretation of a statute that an agency is charged with enforcing, the agency's interpretation is entitled to substantial weight and deference, but it does not bind the court and will be rejected when erroneous. *Village of Downers Grove v. Illinois State Labor Relations Board*, 221 Ill. App. 3d 47, 581 N.E.2d 824 (1991).

## III. THE ACT

■ The Act imposes a tax on the net income of every corporation. 35 ILCS 5/201(a) (West 1996). Net income is a taxpayer's base income less the standard exemption and a deduction that is not relevant here. 35 ILCS 5/202 (West 1996). A corporation's base income is equal to its "taxable income" as modified by the Act. 35 ILCS 5/203(b)(1) (West 1996). A taxpayer's taxable income is defined as that individual's "taxable income properly reportable for federal income tax purposes for the taxable year under the provisions of the Internal Revenue Code." 35 ILCS 5/203(e)(1) (West 1996). Thus, federal taxable income is the starting point when determining a corporation's state income tax liability. See generally *Searle Pharmaceuticals, Inc. v. Department of Revenue*, 117 Ill. 2d 454, 512 N.E.2d 1240 (1987); *Bodine Electric Co. v. Allphin*, 81 Ill. 2d 502, 410 N.E.2d 828 (1980); *Chicago Title & Trust Co. v. Department of Revenue*, 146 Ill. App. 3d 923, 497 N.E.2d 480 (1986).

■ This appeal centers primarily upon the Department's interpretation and application of sections 506(b) and 905(e) of the Act (35 ILCS 5/506(b), 905(e) (West 1996)), which relate to changes in federal tax returns. Section 506(b) requires a taxpayer to inform the Department of certain alterations to federal returns. 35 ILCS 5/506(b) (West 1996). Specifically, it states:

"In the event the taxable income, any item of income or deduction, or the income tax liability reported in a federal income tax return of any person for any year is altered by amendment of such return or as a result of any other recomputation or redetermination of federal taxable income or loss, and such alteration reflects a change or settlement with respect to any item or items, affecting the computation of such person's base income for any year under this Act ***, such person shall notify the Department of such alteration. Such notification shall be in the form of an amended return or such other form as the Department may by regulations prescribe, *** and shall be filed not later than 120 days after such alteration has been agreed to or finally determined for federal income tax purposes or any federal income tax deficiency or refund***." 35 ILCS 5/506(b) (West 1996).

Once notification is given as required by section 506(b), section 905(e) of the Act allows the Department to issue a notice of deficiency within two years of receipt of the notification. However, the proposed assessment in the notice must be "limited to the amount of any deficiency resulting *** from recomputation of the taxpayer's base income for the taxable year after giving effect to the item or items reflected in the reported alteration." 35 ILCS 5/905(e) (West 1996).

## IV. DISCUSSION

The Department frames the issue in this case as whether an increase in federal taxable income, which does not result in an increase in federal tax liability due to the expiration of the federal statute of limitations, is nonetheless a federal change reportable under section 506(b). The railway answers the question in the negative and asserts that there has been no change that would allow the Department to reach back and assess its delinquency.

■ The railway first claims that the Department has violated its own regulations by issuing the deficiency notice for 1988. It contends that the Department's actions were prohibited by section 100.9200(a)(4) of Title 86 of the Illinois Administrative Code, which, in relevant part, provides:

"[I]t shall be the Department's position and practice to rely upon and accept the federal Internal Revenue Service determination as to the amount of a taxpayer's adjusted gross or taxable income and the number of exemptions to which he is entitled for federal income tax purposes. Adherence to that position shall be subject to exception only in rare circumstances such as where the Internal Revenue Service for some reason (e.g. where no change in federal tax liability would result) might fail or decline to act, or where the 18-month statutory period of limitations for prosecution would expire before action by IRS." 86 Ill. Adm. Code § 100.9200(a)(4) (1996).

We do not find that this section lends any assistance to the railway's position. Section 100.9200(a)(4) states that the Department will rely on the IRS's determination as to the amount of a taxpayer's adjusted gross income or taxable income. In this case the IRS adjusted the railway's taxable income for 1988. Such adjustments are common even when the IRS is unable to make a deficiency assessment because of the statute of limitations. See *Barenholtz v. United States*, 784 F.2d 375 (Fed. Cir. 1986) (government may make upward adjustments to taxable income in years closed by the statute of limitations to determine tax liability in open years). But for the statute of limitations, the IRS would have assessed the additional income for 1988. Section 100.9200(a)(4), however, does not require the Department to accept the IRS's determination of liability. It merely provides that the Department will accept the IRS's determinations as to amounts of gross or taxable income and the number of exemptions to which the taxpayer is entitled. It did not prohibit the Department's assessment in this case.

The railway maintains, however, that there were in fact no changes to its taxable income and that what the IRS did was merely recompute the 1988 figures for changes in later tax years. It contends further that since the IRS's purpose in making any calculations was for readjusting carryforwards for the subsequent tax years and not 1988, the Department may not assess income from 1988.

■ We disagree with the railway's contention that the IRS audit did not change its 1988 taxable income. Documentation provided by the IRS clearly shows "Corrected Taxable Income" and adjustments to income in the amount of $2,274,804. Although no additional federal tax liability followed for that year, it is evident that a change was made in the railway's return.

The fundamental flaw in the railway's position is that it confuses taxable income with tax liability. In its brief and at oral argument, the railway repeatedly stressed that taxable income for 1988 could not be changed because the statute of limitations had expired. However, an adjustment to taxable income has nothing to do with the statute of limitations.

Characterization of income as taxable does not necessarily dictate whether it is assessable for purposes of the statute of limitations. Income's characterization as taxable is a method of classifying a portion of a taxpayer's income that is listed on a return and is subject to federal and state assessment for a particular tax year. It would be absurd to say that, once the statute of limitations has expired and a taxpayer discovers that its income for a past year was more than reported, taxable income for that year must remain the same. Taxable

income for that year, although undiscovered, was in fact greater than reported. Whether that income can be later assessed is a matter entirely distinct from whether it may be characterized as taxable on a past return.

It is change to federal taxable income that is at issue in this case rather than tax liability. As noted above, the changes made by the IRS did not give rise to new federal tax liability for 1988. But the federal changes highlighted in section 506(b) are not limited to changes that result in new federal tax liability. An alteration as stated in section 506(b) may result from an amendment or recomputation of taxable income, changes in itemization, or changes in federal tax liability. 35 ILCS 5/506(b) (West 1996); see also *Holding Co. v. Department of Revenue*, 214 Ill. App. 3d 390, 574 N.E.2d 11 (1991). The action taken by the IRS was an alteration within the scope of section 506(b) because it changed the railway's 1988 taxable income by increasing it $2,274,804.

We further disagree with the railway's contention that the IRS's purpose in making the adjustments prevented the Department from making an additional assessment. An assessment under the federal change provisions is not dependant upon explanations provided by the IRS. The Department's ability to tax is restricted, however, by section 905(e), which limits the assessment to deficiencies resulting from the recomputation of base income after giving effect to the item in the reported alteration. 35 ILCS 5/905(e) (West 1996). The alteration in this case was a change in the taxpayer's income for 1988. The Department acted on the alteration by recalculating the railway's income and determining that it was deficient for tax year 1988. Its actions were permitted under the Act.

The railway next turns to the notice of deficiency and claims that it was insufficient because it did not give effect to the federal change and it did not state that it was assessing income from tax year 1988 due to a change in taxable income.

■ A notice of deficiency issued pursuant to the Act need merely "set forth the adjustments giving rise to the proposed assessment and the reasons therefor." 35 ILCS 5/904(c) (West 1996).

■ The notice, which is set out above, informed the railway that the pre-1986 operating losses were being changed to zero. Acting upon the changes for the taxable year of 1988 and the railway's filing, the necessary result is that the railway's income for 1988 is increased. The notice reflects the federal change. We do not find it fatal that the Department did not specifically state that there had been a change in taxable income. In sum, we hold that there was no impropriety on the part of the Department and that it lawfully issued the deficiency for 1988.

The railway maintains that even if taxation was lawful, its actions did not warrant a penalty.

■ Section 1005(a) of the Act (35 ILCS 5/1005(a) (West 1996)) provides for penalties for the underpayment of taxes unless the taxpayer can show that the failure to pay was for a reasonable cause. *Kroger Co. v. Department of Revenue*, 284 Ill. App. 3d 473, 673 N.E.2d 710 (1996). Reasonable cause generally means the exercise of ordinary business care under the circumstances of the particular case. *Kroger*, 284 Ill. App. 3d at 484, 673 N.E.2d at 716.

■ The ALJ found that ordinary business care and prudence were not exercised. She pointed mainly to the fact that the railway understood it had a duty to report the alterations but that it failed to report the redetermination of taxable income and the resulting effect on base income. We cannot say that the ALJ's findings are against the manifest weight of the evidence. We reiterate that section 506(b) does not require a change in federal tax liability before the taxpayer must notify the Department of a change. The railway elected to interpret the Act otherwise to its detriment.

## V. CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Tazewell County is reversed and the Department's decision is reinstated.

Reversed. Department of Revenue decision reinstated.

LYTTON, J., concurs.

JUSTICE HOLDRIDGE, dissenting:

I respectfully dissent. The decision of the circuit court was correct. The railway accurately reported its federal taxable income for 1988 when it filed its 1988 Illinois income tax return on September 7, 1989. The only changes resulting from the 1992 IRS audit of the 1988 federal income tax return were adjustments to the net operating loss carryovers and the investment tax credit carryovers available for subsequent tax years. There were no changes to either taxable income, items of income or deductions, or tax liability reported on the 1988 federal income tax return. Consequently, the circuit court was correct in determining that the Department was time-barred from issuing its notice of deficiency by the applicable three-year statute of limitations.

In construing the relevant exception to the statute of limitations, this court should note the axiom of statutory construction that exceptions to a statute must be strictly construed. *People v. Folkers*, 112 Ill.

App. 3d 1007 (1983). Illinois case law particularly favors strict construction of statutes of limitations. *Dow Chemical Co. v. Department of Revenue*, 224 Ill. App. 3d 263 (1991). Here, I believe the majority has failed to strictly construe the applicable statute of limitations.

The majority maintains that the railway's position is fundamentally flawed in that it confuses taxable income with tax liability. However, it appears that the majority has confused net operating loss carryovers and investment credit carryovers with "taxable income" as that term is contemplated under the Illinois Income Tax Act (Act).

The record clearly establishes that the 1992 IRS audit resulted in no change to "the taxable income, any item of income or deduction, or tax liability reported" by the railway for the federal tax return for the year 1988. The IRS audit report established that the taxable income for 1988 after the audit was $1,653,605, which was the same amount of taxable income reported on the original return. The only changes resulting from the federal audit of the 1988 tax year included adjustments to income in subsequent years. As no change occurred in either the taxable income, any item of income of deduction, or the tax liability reported on the 1988 federal income tax return, the exception to the three-year statute of limitations contained in section 506(b) of the Act could not be invoked.

I would affirm the circuit court of Tazewell County, and I dissent on that basis.