LA PINE SCIENTIFIC COMPANY, Plaintiff-Appellee, *v.* DANIEL J. LENCKOS, Director of the Department of Revenue, *et al.*, Defendants-Appellants.

First District (5th Division)    No. 79-2014

Opinion filed on rehearing April 24, 1981.

Tyrone C. Fahner, Attorney General, of Chicago (Russell C. Grimes, Jr., Assistant Attorney General, of counsel), for appellants.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Robert L. Berner, Jr., John T. Coleman, Edward J. Zulkey, and Judith G. Landt, of counsel), for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiff brought this action seeking a writ of *mandamus*, declaratory and injunctive relief, challenging defendants' right, pursuant to section 10.05 of the State Comptroller Act (Ill. Rev. Stat. 1977, ch. 15, par. 210.05) to set off plaintiff's overpayment of its 1977 income tax and payments due to it for merchandise sold to various agencies of the State of Illinois, against two unpaid final assessments under the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1977, ch. 120, pars. 440 through 453) for which an action was barred by the statute of limitations. The trial court granted plaintiff's motion for summary judgment and defendants appeal.

The following facts giving rise to this controversy appear from the record. On March 19, 1954, the Department of Revenue (the Department) issued final assessments under the Retailers' Occupation Tax Act numbered E-7185 and E-7186 against Arthur S. La Pine and Company (now La Pine Scientific Company) in the amounts of $14,657.38 and $5935.15, respectively. On June 5, 1957, action in debt was brought against plaintiff to collect the assessments but it was dismissed on January 20, 1958, because it was barred by the applicable statute of limitations. Ill. Rev. Stat. 1953, ch. 120, par. 444.

Plaintiff's 1977 income tax return showed that it owed no tax but that estimated payments of $1562 had been made. On March 3, 1978, the Comptroller of the State of Illinois notified plaintiff that its income tax

refund was being withheld pursuant to section 10.05 of the State Comptroller Act for unpaid assessments reported by the Department. These assessments happened to be the unpaid assessments from 1954. Plaintiff was also allegedly notified by various State agencies that payments owed to plaintiff for merchandise sold to those agencies was being withheld at defendants' direction.

On July 21, 1978, plaintiff brought this action alleging that defendants improperly directed the Comptroller to withhold the 1977 tax overpayment contending that the 1954 assessments were not "due and payable" or, alternatively, that section 10.05 could not be applied retroactively to permit collection of funds for which an action in debt was barred by the statute of limitations at the effective date of Public Act 77-2807 of which section 10.05 is a part, January 8, 1973. The trial court granted plaintiff's motion for summary judgment and defendants brought this appeal.

OPINION

Section 10.05 of the State Comptroller Act (Ill. Rev. Stat. 1977, ch. 15, par. 210.05) provides in pertinent part:

> "Whenever any person shall be entitled to a warrant on the treasury or on other funds held by the State Treasurer, on any account whatever, against whom there shall be any account or claim in favor of the state, then due and payable, the comptroller, upon notification thereof, shall ascertain the amount due and payable to the state, as aforesaid, and draw a warrant on the treasury or on other funds held by the State Treasurer, stating the amount for which the party was entitled to a warrant, the amount deducted therefrom, and on what account, and directing the payment of the balance; which warrant as so drawn shall be entered on the books of the treasurer, and such balance only shall be paid."

Before the trial court and in their briefs and arguments before this court, both sides have proceeded on the mistaken premise that section 10.05 provided the State with an entirely new statutory remedy which was being applied retroactively to reach claims previously barred by the applicable statute of limitations. In fact, section 12 of "An Act to revise the law in relation to the auditor of public accounts" (Ill. Rev. Stat. 1971, ch. 15, par. 12) contained nearly identical language and had provided the State with the same right of set-off for nearly 100 years. The duties of the former Auditor of Public Accounts were replaced under the Constitution of 1970 by the State Comptroller. (Ill. Const. 1970, art. V, §17; Ill. Ann. Stat., Const., art. 5, §17, Constitutional Commentary, at 362 (Smith-Hurd 1971).) Public Act 77-2807, which repealed the above section 12, enacted section 10.05 of the State Comptroller Act to provide that the comptroller succeeded to all rights, powers, duties and liabilities of the auditor, and

that outstanding warrants were to be governed by the prior law. (Ill. Rev. Stat. 1977, ch. 15, par. 222.) Section 10.05 was therefore merely an assumption by the State Comptroller of the duties previously delegated to the Auditor of Public Accounts. Section 10.05 was not a newly created right of set-off which was applied retroactively in this case but a continuation of the prior right of set-off of the State. Because of this the issue of the retroactive application of section 10.05 need not be addressed.

In light of the foregoing discussion, the sole issue presented by this appeal is whether the unpaid tax assessments continued to be claims in favor of the State which were "then due and payable." The trial court specifically found that the assessments had been extinguished as debts due and payable to the State, and that section 10.05 was inapplicable to them because their collection had been barred by the statute of limitations prior to that section's enactment. Defendants assert that the assessments were not extinguished by the running of the statute of limitations but remained as debts due to the State. Plaintiff submits that it has a vested right to be free from further demands for payment of the assessments.

■■ Statutes of limitation affect the remedy by limiting the period within which legal action may be brought or remedies may be enforced; they bar the right to sue for recovery but do not extinguish the debt which remains as before. (*Fleming v. Yeazel* (1942), 379 Ill. 343, 345-46, 40 N.E.2d 507, 508; *Cook v. Britt* (1972), 8 Ill. App. 3d 674, 676, 290 N.E.2d 908, 909.) It is clear that the assessments in question remain as debts owing to the State but are not enforceable by means of a lawsuit brought by the State. They had not been "extinguished" as the trial court found but were merely unenforceable in a court of law. As such, the assessments are still claims "then due and payable" for purposes of section 10.05 and were properly set off against plaintiff's tax overpayment.

Plaintiff argues that defendants seek to have the set-off statute interpreted so as to circumvent, and in effect repeal, the statute of limitations giving them an unlimited period in which to collect its claims. We do not agree.

*Country Mutual Insurance Co. v. Knight* (1968), 40 Ill. 2d 423, 240 N.E.2d 612, provides an analogous situation. Section 16 of the Uniform Disposition of Unclaimed Property Act (Ill. Rev. Stat. 1967, ch. 141, par. 116) provided that the expiration of a statutory period in which an action could be brought to obtain payment of a claim for money or recovery of property would not prevent the money or property from being presumed abandoned or affect the duty to pay or deliver abandoned property to the appropriate state agency. The State made demand upon several insurance companies for unpaid claim checks for which claims had been barred by the statute of limitation prior to the passage of the Act. The parties agreed that the Act was intended to deprive the holder of the

property of the statute of limitations defense for claims for which the statute of limitations had not run at the Act's effective date. However, regarding those claims barred before the passage of the Act, the court in *Knight* found that retroactive application of the Act would interfere with vested rights and be subject to "constitutional infirmity." (40 Ill. 2d 423, 428.) It therefore held that section 16 applied only to property for which claims had not been barred as of the effective date of the Act. Implicit in the court's holding in *Country Mutual* was the conclusion that the Act permissibly deprive the holder of property of a completed statute of limitations defense which arose after passage of the Act. As already noted, the predecessor of section 10.05 had been the law for 100 years, and plaintiff is presumed to have had knowledge of it. Plaintiff's limitations defense arose well after the enactment of the set-off right. We conclude as suggested in *Country Mutual* that the set-off right did not impermissibly interfere with plaintiff's limitations defense where that defense arose after passage of the set-off and the bringing of a lawsuit which the statute of limitations bars was not necessary for recovery by the State.

For the foregoing reasons, the judgment of the trial court is reversed.

Reversed.

SULLIVAN, P. J., and WILSON, J., concur.