DOW CHEMICAL COMPANY, Plaintiff-Appellant, v. THE DEPARTMENT OF REVENUE, Defendant-Appellee.

First District (5th Division)   No. 1—89—2367

Opinion filed December 27, 1991.

Charles L. Michod, Jr., and William A. Kummerer, both of Martin, Craig, Chester & Sonnenschein, of Chicago, for appellant.

Roland W. Burris, Attorney General, of Springfield (Jan E. Hughes, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE McNULTY delivered the opinion of the court:

Dow Chemical Company appeals the decision of the circuit court affirming the Illinois Department of Revenue's (the Department's) determination that it was barred by the statute of limitations from filing for a $401,237 overpayment which first came to light following the Department's reaudit of Dow's tax returns for 1975 through 1978. We affirm the decision of the circuit court.

Appellant Dow Chemical Company is a corporation doing business in Illinois and organized under the laws of the State of Delaware. The Department conducted an audit of Dow's tax returns for the years 1975 through 1978 and issued a notice of deficiency in the amount of $241,153 to Dow on December 4, 1979. (Both Dow and the Department employed the separate entity method in computing Dow's income.)

On January 17, 1980, Dow filed a timely notice of protest to the notice of deficiency. Several meetings between Dow and the Department were held and it was agreed that certain errors in the audit would be corrected by the Department. In March 1982, the Department forwarded the matter to one of its examiners for reaudit and for determination of whether Dow and its subsidiaries were a unitary group for purposes of tax computations.[1]

On December 7, 1983, the reaudit was completed employing the unitary method of tax computation and revealed an overpayment of Illinois taxes by Dow and the other members of its unitary group for tax years 1975 through 1978 in the amount of $401,237. On De-

---

[1]The law in Illinois regarding separate entity reporting and unitary apportionment had undergone changes effective December 15, 1982, when the Illinois Income Tax Act (Ill. Rev. Stat. 1983, ch. 120, par. 3—304(e)) was amended to require combined apportionment (usually resulting in a tax savings) for unitary businesses.

cember 20, 1983, Dow filed its amended and restated protest, requesting the return of the overpayment. The Department notified Dow that a refund for the overpayment would not be allowed because Dow's request was filed after the statute of limitations had expired. (Section 911 of the Income Tax Act (Ill. Rev. Stat. 1983, ch. 120, par. 9—911) requires that claims for income tax refunds be filed not later than three years after the date the return was filed.)

Thereafter, on September 13, 1985, when Dow filed its return for the tax year ending December 31, 1984, it claimed $76,243 of the $401,237 overpayment as a credit against its 1984 tax liability. The Department held a hearing in June 1986 to resolve the issues regarding Dow's overpayment. In its decision, issued one month later, it determined that the original notice of deficiency was void, but that Dow was not entitled to a refund or a setoff of any part of the existing overpayment. Dow's request for a rehearing was denied, and the decision of the Department was upheld upon administrative review by the circuit court.

■ On appeal Dow argues that the circuit court erred in applying an improper standard of review to the decision of the Department. While review of administrative decisions extends to all questions of fact and law presented by the entire record before the court (Ill. Rev. Stat. 1983, ch. 110, par. 3—110), a reviewing court is not bound to give the same degree of deference to an agency's conclusions of law as it gives conclusions of fact. (*Flex v. Department of Labor* (1984), 125 Ill. App. 3d 1021, 466 N.E.2d 1050.) Thus, while a reviewing court need only determine whether an agency's findings of fact are supported by substantial evidence, and are not against the "manifest weight of the evidence," it must exercise independent review of questions of law. *Flex*, 125 Ill. App. 3d at 1024, 466 N.E.2d at 1053.

■ In the case at bar, the parties had stipulated to the essential facts during the administrative proceeding. Therefore, the central issue upon review of the Department's decision was a legal one: whether the Department was statutorily prohibited from crediting or refunding Dow's overpayment due to the expiration of the limitations period on claims for refund. Although the case involved an issue of statutory construction, the trial judge stated that the administrative decision could not be overturned unless it was shown to be "against the manifest weight of the evidence and contrary to the law." Nevertheless, in his opinion, the trial judge completed a detailed statutory analysis in which he interpreted the applicable sections of the Illinois Income Tax Act (Ill. Rev. Stat. 1983, ch. 120, par. 1—101 *et seq.*) and their relationship to each other. Therefore, the correct standard of re-

view was actually applied to the decision of the Department of Revenue, despite the trial judge's reference to the manifest weight of the evidence standard.

Dow next contends that a proper construction of the Illinois Income Tax Act (the Act) requires the Department to refund known overpayments where the Department has made errors in calculating the taxpayer's liability, even in the absence of a timely refund claim. In support of this argument, Dow relies on sections 904 and 909 of the Act (Ill. Rev. Stat. 1983, ch. 120, pars. 9—904(a), 9—909(a)). Section 904(a) of the Act provides as follows:

> "As soon as practicable after a return is filed, the Department shall examine it to determine the correct amount of tax. *** If the Department finds that the tax paid is more than the correct amount, it shall credit or refund the overpayment as provided by Section 909." (Ill. Rev. Stat. 1983, ch. 120, par. 9—904(a).)

Section 909 refers to credits and refunds and provides as follows:

> "(a) In general. In the case of any overpayment, the Department may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of the tax imposed by this Act, regardless of whether other collection remedies are closed to the Department on the part of the person who made the overpayment and shall refund any balance to such person." Ill. Rev. Stat. 1985, ch. 120, par. 9—909.

Dow maintains that these sections impose an affirmative duty on the Department to refund a taxpayer's overpayments, or at least to apply the overpayment to any existing tax liability. As viewed in isolation, the relied-on statutory authority does just that. However, as the Department contends, each part of a statute should be interpreted in light of every other provision, and the entire statute should be construed to produce a harmonious whole. (See *Stelzer v. Matthews Roofing Co.* (1986), 140 Ill. App. 3d 383, 488 N.E.2d 1293.) Dow's interpretation of sections 904 and 909 of the Act ignores the provisions of section 911 (Ill. Rev. Stat. 1983, ch. 120, par. 9—911) which impose an affirmative duty on the taxpayer to file for a refund of overpaid taxes and provides in pertinent part:

> "Limitations on Claims for Refund. (a) ***
>
> (1) A claim for refund shall be filed not later than 3 years after the date the return was filed *** or one year after the date the tax was paid, whichever is the later; and

(2) No credit or refund shall be allowed or made with respect to the year for which the claim was filed unless such claim is filed within such period.

\* \* \*

(c) Extension by agreement. Where, before the expiration of the time prescribed in this section for the filing of a claim for refund, both the Department and the claimant shall have consented in writing to its filing after such time, such claim may be filed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon."

■ The plain meaning of section 911 is that the taxpayer has an affirmative duty to file for a tax refund within a prescribed period of time. Furthermore, this time may be extended by agreement with the Department. When section 911 is read in conjunction with sections 904 and 909, it indicates, as determined by the trial judge, that although there is no limitation on the Department's authority to make a refund or a credit, there is a limit on the taxpayer's ability to file for one. Since Dow filed its claim for refund on December 12, 1983, well beyond the three years allotted by the statute of limitations, and without an agreement for extension thereof, the Department maintains and we agree that such claim is now time barred.

Although Dow postulates that the three-year limitation period only applies to taxpayer-discovered overpayments, there is little factual basis for such a finding. Dow's sole support for this argument is an unpublished Nebraska State trial court decision, Kellogg v. Donna Darnes, Nebraska State Tax Commissioner, which construed statutory provisions which were virtually identical to sections 904(a) and 911 of the Illinois Income Tax Act as set forth above to mean that the Tax Commissioner was required to refund a known overpayment of income taxes where the Commissioner had erroneously used the improper formula in its reaudit even when the taxpayer had made no written claim for refund within the time permitted by law.

Dow also argues that changes in section 909, effective July 1, 1983, support its argument that the Department is required to refund or credit its overpayment of taxes. Before its amendment in 1984, section 909(a) provided that "[i]n the case of any overpayment, the Department, within the applicable period of limitations, may credit the amount of such overpayment \* \* \* and shall refund any balance to such person." (Ill. Rev. Stat. 1983, ch. 120, par. 9—909(a).) The 1984 amendment struck the quoted language and added the phrase, "re-

gardless of whether other collection remedies are closed to the Department." (Ill. Rev. Stat., 1984 Supp., ch. 120, par. 9—909(a).) These statutory modifications thereby enhanced the Department's ability to collect time-barred tax liabilities by withholding subsequent overpayments from taxpayers. (See *La Pine Scientific Co. v. Lenckos* (1981), 95 Ill. App. 3d 955, 420 N.E.2d 655.) This language, however, did nothing to enhance a taxpayer's ability to require the Department to credit a time-barred overpayment against a future tax liability.

■ Dow finally argues that based upon equitable principles it should be allowed to recover its substantial overpayment of taxes. Dow admits that the doctrine of "equitable recoupment" which does allow tax overpayments to be recovered in certain situations (those where a single transaction has been taxed twice on two inconsistent legal theories) does not apply to the case at bar. Nevertheless, it urges this court to mitigate the harsh results of the determinations of the courts below.

In support of its equitable argument, Dow notes that the Department itself originally used the wrong formula in computing Dow's taxes. (In its first audit, the Department employed the separate entity basis, while the reaudit, completed four years after Dow's initial protest, utilized the unitary method.) Dow argues that it should not bear the burden of the uncertainty in the law regarding the use of the unitary method, and cites conflicting Department of Revenue bulletins regarding this method. Dow further maintains that this confusion in the law was not resolved until 1983 when the Illinois legislature gave the Department the authority to use this method of reporting. (Ill. Rev. Stat. 1983, ch. 120, par. 3—304(e).) Although this is an appealing argument, it is substantially undercut by the fact that although one Department bulletin (ITIB 1975—1) did state that unitary or combined reporting was no longer authorized, a second such bulletin (ITIB 1975—2) issued eight days later retracted this provision. In *Citizens Utilities Co. v. Department of Revenue* (1986), 111 Ill. 2d 32, 488 N.E.2d 984, the Illinois Supreme Court rejected the argument that a taxpayer could reasonably have interpreted the Department's position, as evidenced by these bulletins, as prohibiting the use of combined reporting.

Although Dow is correct in maintaining that if this court affirms the decision rendered below that the Department will receive a windfall at its expense, this fact alone does not provide justification for rendering a contrary judgment. Although it might seem reasonable to judicially toll the statute of limitations in order to fashion a remedy for Dow, such a decision is not supported by Illinois case law which

holds that no exceptions which toll a statute of limitations or enlarge its scope will be implied. (See *Severe v. Miller* (1983), 120 Ill. App. 3d 550, 555, 458 N.E.2d 173, 176. See also *Morgen v. People* (1959), 16 Ill. 2d 374, 158 N.E.2d 24.) However, we note that Dow fails to explain why it did not file a claim for refund as a protective device before the statute of limitations expired on filing such a claim, or at the very least, obtain an extension for filing a claim as provided in section 911 of the statute. While Dow is doubtlessly in a most unenviable position, its legal arguments are weak. Its sole really viable argument is the Nebraska decision in the Kellogg case which nevertheless must be balanced against our own case law which favors a strict construction of statutes of limitations. This seems to be a case which calls for a legislative remedy rather than a judicial one.[2]

Affirmed.

LORENZ, P.J., and MURRAY, J., concur.

---

[2]We note that the Michigan legislature has provided that "[t]he running of the statute of limitations shall be suspended for the period pending final determination of litigation of or bearing on a taxpayer's federal income tax return *OR* [(emphasis added)] of the return required by this act." See Mich. Comp. Laws Ann. §206.411 (West 1986); Mich. Stat. Ann. §7.557(1411) (Callaghan 19____).