NOTICE
Decision filed 10/30/19. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2019 IL App (5th) 180489-U

NO. 5-18-0489

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| REDBOX AUTOMATED RETAIL, LLC, | ) | Petition for review of order |
| | ) | of the Illinois Independent |
| Petitioner, | ) | Tax Tribunal. |
| | ) | |
| v. | ) | No. 17-TT-45 |
| | ) | |
| THE DEPARTMENT OF REVENUE | ) | |
| and THE ILLINOIS INDEPENDENT TAX | ) | |
| TRIBUNAL, | ) | Honorable |
| | ) | James M. Conway, |
| Respondents. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE OVERSTREET delivered the judgment of the court.
Justices Welch and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held:* Statute of limitations provisions in Use Tax Act (35 ILCS 105/1 *et seq.* (West 2016)) and Retailers' Occupation Tax Act (35 ILCS 120/1 *et seq.* (West 2016)) did not violate uniformity clause of the Illinois Constitution (Ill. Const. 1970, art. IX, § 2) and foreclosed tax refund for amounts paid more than three years prior to refund request.

¶ 2    The petitioner, Redbox Automated Retail, LLC (Redbox), seeks direct administrative review of a decision by the Illinois Tax Tribunal (Tax Tribunal), affirming a decision by the Illinois Department of Revenue (Department), to partially deny Redbox's claim for a tax refund. On cross-motions for summary judgment, the Tax

1

Tribunal ruled in favor of the Department by concluding that Redbox's refund claim was untimely as to the disputed portion because Redbox had filed the claim more than three years after the erroneous tax payments in question and after the expiration of the parties' written agreement to extend the statute of limitations. See 35 ILCS 105/21 (West 2016); 35 ILCS 120/6 (West 2016).

¶ 3 On appeal, Redbox seeks reversal of the Tax Tribunal's decision and requests this court to order the Department to refund $1,389,315 to Redbox. Redbox argues that the statute of limitations provisions do not bar its refund claim because Department audits tolled or restarted the applicable three-year statute of limitations period to file a refund claim; despite the statute of limitations provisions, section 22 of the Use Tax Act (UTA) (35 ILCS 105/22 (West 2016)) mandated the Department to issue a refund after offsetting any liability; and the legislature did not intend to deprive taxpayers of the benefit of an opportunity to contest the Department's audit findings. Redbox also argues that the Tax Tribunal erred when it found that the Department's actions did not violate article IX of the Illinois Constitution (Ill. Const. 1970, art. IX, § 2) requiring uniformity in the refund process. We affirm the Tax Tribunal's decision.

¶ 4                                    I. BACKGROUND

¶ 5 Redbox purchased licensing agreements which allowed it to provide movie and video game discs to individual consumers via self-service automated kiosks located throughout Illinois. From January 2007 through June 2010, Redbox filed sales tax returns showing use tax due for certain licensing agreements. On or before July 2010, Redbox paid $1,622,820 for these use taxes.

2

¶ 6    On December 15, 2009, the Department issued a notice to Redbox that it would conduct a sales tax audit for the period of January 2007 through June 2009, subsequently extended through June 2010. On February 24, 2010, and intermittently thereafter, the parties executed waivers of the statute of limitations provisions limiting Redbox's time to file a claim for credit and the Department's time to file notice of tax liability. The final of the seven waivers signed during the first audit period contained the following language:

"I, the taxpayer, agree to waive the benefit of the statute of limitations and permit the [Department] *** to issue a notice of tax liability on or before 06/30/2013, so that the [Department] can complete its audit of my books and records or I may have additional time to obtain information necessary for the audit's completion. *** As a result of this agreement, I understand that the time I have to file a claim for credit will be extended until the date cited above [6/30/2013]. ***

I understand that I am waiving the benefit of the statute of limitations that would otherwise prevent the [Department] from issuing a notice of tax liability (including penalty and interest) after 03/31/2013, with respect to any tax, penalties, and interest I incurred from 01/01/2007, through 6/30/2010, under the following tax acts and laws[.] ***"

¶ 7    After completing the audit, the Department presented to Redbox an audit report reflecting a use tax liability in the amount of $233,307 for certain purchases of equipment and fixed assets during the audit period. On February 28, 2013, Redbox signed an EDA-105-R ROT audit report and thereafter paid $233,307.

3

¶ 8    Seven months later, in October 2013, the Department initiated a second sales tax audit of Redbox, this time for the subsequent period of July 2010 through June 2014. On August 8, 2014, and thereafter, Redbox signed waivers of the statute of limitations for the second audit period. During the second audit, conducted from November 2013 through April 2016, Redbox raised the issue of whether its remittance of use tax relating to its compact disc and movie licensing agreements was proper. In April 2016, the Department agreed that the use tax Redbox had been paying on the licensing agreements was not due or payable under the applicable statutes. Consequently, in July 2016, the Department agreed to refund to Redbox the amount of $4,802,844, which represented approximately $4.5 million for the use tax remittances Redbox made with respect to the licensing agreements during the second audit period (July 2010 through June 2014), plus $400,000 in interest, minus approximately $100,000 in other sales tax liability determined to be due by the second audit. The Department issued credit memoranda to Redbox for the refund amount. The Department thereby resolved the issue for the second audit period by determining that Redbox had overpaid use taxes and granted a full refund.

¶ 9    In February 2016, Redbox filed a refund claim for $1,622,820, which represented the amount of use tax Redbox erroneously paid with respect to the licensing agreements during the first audit period. Redbox filed its "Claim for Credit (audited periods only)" within three years of February 28, 2013, the date on which Redbox signed the EDA-105-R ROT audit report for the first audit period. However, except for the $233,307 paid for use tax liability at the conclusion of this first audit, all of the payments Redbox attempted to recover in this refund claim were paid to the Department on or before July 31, 2010.

4

¶ 10 Although the Department agreed with Redbox that the licensing agreement transactions did not generate a use tax liability during the first audit period, the Department denied Redbox's claim for full credit of $1,622,820, but allowed its claim in the amount of $233,307, which was equal to the amount of tax paid by Redbox based on the first audit and which was paid within three years of Redbox's claim for credit. Thus, on February 16, 2017, the Department issued a notice to Redbox denying $1,389,513 of its claim, concluding that this amount was foreclosed by the statute of limitations, which had been extended by waivers during the first audit cycle to June 30, 2013.

¶ 11 On April 6, 2017, Redbox filed a two-count petition with the Tax Tribunal, challenging the Department's partial denial of its claim for refund. See 35 ILCS 1010/1-1 *et seq.* (West 2016). In count I, Redbox asserted that the Department's denial was incorrect because the limitations period for the first audit period under sections 19 through 22 of the UTA did not act to bar the claim arising from the audit report. Redbox alleged that the limitations period was tolled and reopened by the Department's completion of an audit and presentation to Redbox of audit results showing tax due. In count II, Redbox asserted that the Department's denial violated article IX of the Illinois Constitution requiring uniformity in the refund process. Ill. Const. 1970, art. IX

¶ 12 Thereafter, Redbox and the Department filed cross-motions for summary judgment. On September 18, 2018, the Tax Tribunal denied Redbox's motion for summary judgment and granted the Department's motion for summary judgment. In the Tax Tribunal's order, the Tax Tribunal rejected Redbox's claim that the applicable statute of limitations period for all tax periods covered under the first audit was extended and

5

should be calculated as three years from the conclusion of the first audit. The Tax Tribunal held that the tax audits had no bearing on the calculation of the appropriate statute of limitations period to file for refund claims and did not trigger new limitations periods. The Tax Tribunal also rejected Redbox's argument that if the Department can assess taxes during an audit process but can ignore the correct tax that was actually due from the taxpayer, then the Department's process creates two separate taxpayer classifications and violates the uniformity clause of article IX of the Illinois Constitution. Ill. Const. 1970, art. IX. The Tax Tribunal concluded that the tax was applied uniformly, and even if the statute were applied unconstitutionally, its constitutionality would be outside the scope of authority of the Tax Tribunal. On October 12, 2018, Redbox filed its petition with this court for direct administrative review (735 ILCS 5/3-113(a) (West 2016); 35 ILCS 1010/1-75(a) (West 2016); Ill. S. Ct. R. 335 (eff. July 1, 2017)).

¶ 13                                II. ANALYSIS

¶ 14    In reviewing a decision of an administrative agency, " '[t]he applicable standard of review depends upon whether the question presented is one of fact, one of law, or a mixed question of fact and law.' " *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 210 (2008) (quoting *American Federation of State, County & Municipal Employees, Council 31 v. Illinois State Labor Relations Board, State Panel*, 216 Ill. 2d 569, 577 (2005)). Here, we must determine whether the relevant provisions of the UTA (35 ILCS 105/1 *et seq.* (West 2016)) and the complementary Retailers' Occupation Tax Act (ROTA) (35 ILCS 120/1 *et seq.* (West 2016)) permit Redbox's refund claim to be filed outside the UTA's limitations period (35 ILCS 105/21

6

(West 2016)), and if so, under what circumstances. This is a question of statutory interpretation, which we review *de novo*. See *American Airlines, Inc. v. Department of Revenue*, 402 Ill. App. 3d 579, 589 (2009).

¶ 15 "In Illinois, the taxation scheme commonly known as the 'sales tax' is comprised of two complementary statutes, the UTA (35 ILCS 105/1 *et seq.* [(West 2016)] and the ROTA (35 ILCS 120/1 *et seq.* [(West 2016)]." *American Airlines, Inc.*, 402 Ill. App. 3d at 589. "Under the ROTA, Illinois retailers are required to remit to the State a percentage of the gross receipts of every retail sale of tangible personal property." *Id.* at 590; 35 ILCS 120/2 (West 2016). The UTA " 'imposes a tax on the purchaser-user of the property for the privilege of using this property in Illinois.' " *American Airlines, Inc.*, 402 Ill. App. 3d at 590 (quoting *Weber-Stephen Products, Inc. v. Department of Revenue*, 324 Ill. App. 3d 893, 898 (2001)); see also 35 ILCS 105/3 (West 2016) ("A [use] tax is imposed upon the privilege of using in this State tangible personal property purchased at retail from a retailer"). "Although the sales tax is generally collected from the retailer, which includes it in the price of his merchandise, where the purchaser does not pay the retail tax to the retailer, the purchaser-user is required to self-assess the use tax and remit it directly to the Department in lieu of payment at the time of sale to the retailer." *American Airlines, Inc.*, 402 Ill. App. 3d at 590. There are many exceptions and exemptions from the UTA. 35 ILCS 105/3 through 3-44.5 and 3-50 through 3-90 (West 2016).

¶ 16 "The Department has the power to exercise all the rights, powers, and duties vested in the Department by the [UTA]." 20 ILCS 2505/2505-90 (West 2016). Section 11

of the UTA requires every retailer and every person using tangible personal property purchased at retail to keep such records, receipts, invoices, and other pertinent documents as the Department requires. 35 ILCS 105/11 (West 2016). To administer and enforce the UTA provisions, the Department may examine any books, papers, records, documents, or memoranda bearing upon the sales or purchases of tangible personal property, the privilege of using which is taxed. *Id.*

¶ 17    "It has long been acknowledged that, in the absence of an authoritative statute, taxes voluntarily, though erroneously, paid cannot be recovered." *Citibank, N.A. v. Illinois Department of Revenue*, 2017 IL 121634, ¶ 40. Accordingly, the filing of Redbox's refund claims for its erroneous payment of Illinois use tax is governed by sections 19 through 22 of the UTA (35 ILCS 105/19, 20, 21, 22 (West 2016)) and sections 4, 6, 6a, 6b, and 6c of the ROTA (35 ILCS 120/4, 6, 6a, 6b, 6c (West 2016)). Section 19 of the UTA provides that "[i]f it shall appear that an amount of tax or penalty or interest has been paid in error hereunder to the Department by a purchaser *** through a mistake of fact or an error of law," such purchaser may file a refund claim with the Department in accordance with sections 6, 6a, 6b, and 6c of the ROTA. 35 ILCS 105/19 (West 2016). Pursuant to the UTA, all refund claims are required to be filed by the taxpayer within the three-year statute of limitations set forth in section 21 of the UTA, which states in pertinent part:

"As to any claim for credit or refund filed with the Department on and after January 1 but on or before June 30 of any given year, no amount of tax or penalty or interest erroneously paid (either in total or partial liquidation of a tax or penalty

8

or interest under this Act) more than 3 years prior to such January 1 shall be credited or refunded[.]" *Id.* § 21.

The Department notes that, in parallel fashion, it generally has three years to issue a notice of use tax liability, running from when the tax was due (*id.* §§ 12, 4, 5) or from when it paid an erroneous refund (*id.* § 22). See also 35 ILCS 120/6b (West 2016) (absent fraud or misrepresentation, where there has been an erroneous refund of tax payable, notice of tax liability may be issued within three years from the making of that refund).

¶ 18    Likewise, section 6 of the ROTA (made applicable to the UTA under UTA section 19 (35 ILCS 105/19 (West 2016))) prohibits the refund of any tax amount sought by a taxpayer outside of the general three-year statute of limitations, absent an agreement between the parties to extend the limitation period, as provided in section 4 of the ROTA. See 35 ILCS 120/6 (West 2016) (amended 2019); *American Airlines, Inc.*, 402 Ill. App. 3d at 602. Section 4 of the ROTA provides that an agreement to extend the limitations period must be in writing and must be entered into before the expiration of the time prescribed for the issuance of a notice of tax liability. 35 ILCS 120/4 (West 2016); *American Airlines*, 402 Ill. App. 3d at 602. Pursuant to these provisions, a taxpayer may obtain a use tax refund by filing a refund claim within the statutorily-prescribed period of time or within the time provided by a written extension agreement. *American Airlines*, 402 Ill. App. 3d at 602. "A taxpayer has an affirmative duty to file for a tax refund within a prescribed period of time." *Dow Chemical Co. v. Department of Revenue*, 224 Ill. App. 3d 263, 267 (1991).

9

¶ 19　"[T]here is a 'rule requiring strict construction of a tax refunding statute,' and that rule is 'intended for the protection of the State.' " *Citibank, N.A.*, 2017 IL 121634, ¶ 40 (quoting *People ex rel. Stone v. Nudelman*, 376 Ill. 535, 538 (1940)). Likewise, statutes of limitations are strictly construed (*Dow Chemical Co.*, 224 Ill. App. 3d at 268-69) and strictly enforced (*Giles v. Parks*, 2018 IL App (1st) 163152, ¶ 18). " 'Statute[s] of limitations continue to run unless tolling is authorized by a statute.' " *American Airlines, Inc.*, 402 Ill. App. 3d at 605 (citing *IPF Recovery Co. v. Illinois Insurance Guaranty Fund*, 356 Ill. App. 3d 658, 665 (2005)). No exceptions which toll a statute of limitations or enlarge its scope will be implied. *Dow Chemical Co.*, 224 Ill. App. 3d at 268-69.

¶ 20　Here, Redbox filed its claim in February 2016, seeking refund of use taxes it self-assessed and erroneously paid in July 2010 and earlier. Redbox does not contest that it erroneously paid the taxes at issue in July 2010 and earlier. Moreover, although during the first audit the parties extended the statute of limitations period by executing written waivers, the last of the seven waivers extended the time for Redbox to file a refund claim for taxes paid in the first audit period to June 30, 2013. Nearly three years after the expiration of the waiver-extended statute of limitations date of June 30, 2013, Redbox filed its refund claim.

¶ 21　On appeal, Redbox argues that notwithstanding the express language in the statute of limitations provisions and its written waiver extending the time for filing a refund claim to June 30, 2013, the limitations provisions do not prohibit its requested refund of $1,389,513 because its February 2016 refund claim was filed within three years of the conclusion of the Department's first audit. Redbox notes that on February 28, 2013, it

10

signed an audit report agreeing to the Department's proposed adjustments for the first audit period and characterizes its erroneous payment of $233,307 as an "overpayment of taxes of $1,622,820 ($233,307 paid instead of $1,389,315 refunded)." The Department counters that the three-year deadline to file a refund claim commences when an "amount of tax" is "erroneously paid" (35 ILCS 105/21 (West 2016)) and that "paid" does not mean "not refunded when paying another amount of tax."

¶ 22 In ascertaining and giving effect to the intent of the legislature, we must afford the language of the statute its plain and ordinary meaning. See *In re Application of the County Treasurer*, 214 Ill. 2d 253, 258 (2005). Redbox's arguments on appeal ignore the plain language of the UTA and the ROTA prohibiting the filing of a refund claim for taxes erroneously paid more than three years prior. 35 ILCS 105/21 (West 2016) ("no amount of tax *** erroneously paid *** more than 3 years prior *** shall be credited or refunded"); 35 ILCS 120/6 (West 2016) ("as to any claim for credit or refund filed with the Department *** no amount of tax *** erroneously paid *** more than 3 years prior *** shall be credited or refunded," except by agreement by the parties to an extension of time). We decline to ignore the plain language of the statutes to characterize the conclusion of the first audit as the erroneous payment of use taxes in the amount of $1,622,820, when $1,389,513 of that amount had been paid prior to July 2010.

¶ 23 Redbox further argues that the statute of limitations did not expire on June 30, 2013, as provided in the final waiver during the first audit period because the statute of limitations was tolled or restarted due to the Department's audits. Characterizing the first audit report as a correction in lieu of an amended tax return (see 35 ILCS 120/4 (West

2016) (allows Department to issue a notice of tax liability for an amended return filed not more than three years prior and allows the Department to notify taxpayer of corrections instead of requiring the filing of an amended return)), Redbox argues that the three-year statute of limitations period began at the conclusion of the audit because the Department should not be allowed three years from an amended return to find additional tax liabilities without providing the taxpayer an additional three-year limitations period.

¶ 24 Initially, we note that under the plain language of section 6 of the ROTA, "it is apparent that the legislature intended to maintain a reciprocity between the taxpayer's right to file a new refund claim and the Department's right to issue a new notice of tax liability and to permit the tolling of the statute of limitations only in [the] scenario" wherein the Department and the taxpayer have executed an extension agreement. *American Airlines, Inc.*, 402 Ill. App. 3d at 603; 35 ILCS 120/6 (West 2016) (if the Department and the taxpayer have executed agreement to extend time for Department to issue a notice of tax liability, then such an agreement automatically extends the time for the taxpayer to file a refund claim for the same tax period). Construing an audit report as an amended tax return to restart the limitation period for the taxpayer to file a refund claim would undoubtedly thwart that intent. *Id.*

¶ 25 Longstanding Illinois common law prohibits tolling of a statute of limitations absent explicit statutory authority. See *Illinois Bell Telephone Co. v. Allphin*, 60 Ill. 2d 350, 356 (1975) (statutes of limitations continue to run unless tolling specifically authorized by statute); *American Airlines, Inc.*, 402 Ill. App. 3d at 605 (statutes of limitations continue to run unless tolling is authorized by statute); *IPF Recovery Co.*, 356

12

Ill. App. 3d at 665 ("Illinois law is clear that, as a general rule, the statute of limitations continues to run unless tolling is authorized by a statute."). However, neither the UTA nor the ROTA provides that the Department's audit or audit form tolls or restarts the taxpayer's three-year statute of limitations period to file a refund claim.

¶ 26    Redbox's contention that the Department's audit or audit form implicitly tolled or restarted the limitation period to file a refund claim for use taxes paid over three years prior thus runs contrary to the longstanding Illinois common law prohibiting tolling absent explicit statutory authority (*id.*) and ignores case law acknowledging strict tax refunding statutes (*Citibank, N.A.*, 2017 IL 121634, ¶ 40 (court must strictly construe tax refunding statute)) and strict statute of limitations periods which can only be extended by agreement of the parties (*Giles*, 2018 IL App (1st) 163152, ¶ 18 (court must strictly enforce statutes of limitations)). We may not imply exceptions which toll a statute of limitations or enlarge its scope. See *Dow Chemical Co.*, 224 Ill. App. 3d at 268-69 (no exceptions which toll statute of limitations or enlarge its scope will be implied); *Fisher v. Rhodes*, 22 Ill. App. 3d 978, 981 (1974) ("And it is an established rule regarding statutes of limitations that no exceptions thereto will be implied, for if the legislature had intended to except any class of persons from the effect of the statute, it would have done so and courts will not assume such authority or dominion."). Instead, as noted by the Department, Redbox seeks a judicially crafted exception to the statute's plain and unambiguous language providing that no amount of tax erroneously paid more than three years prior to a refund claim shall be refunded, absent a written waiver executed by the parties. We decline to craft such an exception. See *Dow Chemical Co.*, 224 Ill. App. 3d at

13

268 (despite Department's ongoing audit, in order to toll the limitation period, the taxpayer was required to timely file the appropriate refund claim).

¶ 27 Moreover, Redbox was not denied the opportunity to contest the Department's audit findings, which concluded in February 2013. Mutually agreed extensions allowed Redbox to file a claim for credit until June 30, 2013, but Redbox failed to do so. Further, with regard to payments erroneously remitted in July 2010 of the first audit period, because the three-year statute of limitations accrued at six-month intervals (35 ILCS 105/21 (West 2016); 35 ILCS 120/6 (West 2016)), Redbox had an opportunity to file a refund claim as late as December 2013, but it failed to do so.

¶ 28 Redbox alternatively argues that pursuant to section 22 of the UTA, the Department was compelled to grant a refund of its erroneous payment, even if Redbox had not yet requested a refund, because the Department discovered that Redbox was entitled to a refund while the second audit proceedings were pending. Redbox argues that because the Department in the course of audit proceedings learned of the error and determined that Redbox was due a refund, section 22 compelled it to refund the taxpayer regardless of the section 21 statute of limitations.

¶ 29 Section 22 of the UTA provides:

"If it is determined that the Department should issue a credit or refund under this Act, the Department may first apply the amount thereof against any amount of tax or penalty or interest due hereunder, *** from the person entitled to such credit or refund. For this purpose, if proceedings are pending to determine whether or not any tax or penalty or interest is due under this Act *** from such person, the

14

Department may withhold issuance of the credit or refund pending the final disposition of such proceedings and may apply such credit or refund against any amount found to be due to the Department as a result of such proceedings. The balance, if any, of the credit or refund shall be issued to the person entitled thereto." 35 ILCS 105/22 (West 2016).

¶ 30 Sections 19 through 22 of the UTA, as well as sections 4, 6, 6a, 6b, and 6c of the ROTA incorporated into the UTA, afford taxpayers a " 'clear and certain' statutory means by which they may request a refund." *American Airlines, Inc.*, 402 Ill. App. 3d at 609; 35 ILCS 105/19, 20, 21, 22 (West 2016); 35 ILCS 120/4, 6, 6a, 6b, 6c (West 2016). The legislative intent is derived from the statutory language, evaluated as a whole, with each provision construed in connection with every other provision. See *American Airlines, Inc.*, 402 Ill. App. 3d at 599; *Cook v. Department of Revenue*, 281 Ill. App. 3d 171, 175 (1996); see also *Cinkus*, 228 Ill. 2d at 216-17 ("[t]he statute should be evaluated as a whole, with each provision construed in connection with every other section"); *In re Estate of Lieberman*, 391 Ill. App. 3d 882, 887 (2009) ("[w]e must not consider words and phrases in isolation; rather, we must interpret words and phrases in light of other relevant provisions and interpret the statute as a whole"); *Dow Chemical Co.*, 224 Ill. App. 3d at 266 (in interpreting a statute "each part of a statute [is read] in light of every other provision, [so that] the entire statute [is] construed to produce a harmonious whole").

¶ 31 Redbox's interpretation of section 22 of the Act ignores section 21, which imposes an affirmative duty on the taxpayer to timely file for a refund of erroneously-

15

paid taxes. See *Dow Chemical Co.*, 224 Ill. App. 3d at 266; see also *American Airlines*, 402 Ill. App. 3d at 602 (plain language of sections 19 and 21 of the UTA, as well as the plain language of sections 4, 6, and 6a of the ROTA, make clear that a tax refund can only be obtained by filing a refund claim within the prescribed period of time). Section 22 in no way extends the time frame for a taxpayer to file a refund claim as delimited under section 21. See *American Airlines, Inc.*, 402 Ill. App. 3d at 599-600 (court rejected taxpayer's argument that because section 20 of the UTA did not provide any time limitation on the Department's payment, taxpayer should have been permitted to recover on any new claim filed while audit was pending).

¶ 32    " 'The very purpose of statutes of limitations in the tax context is to bar the assertion of a refund claim after a certain period of time has passed, without regard to whether the claim would otherwise be meritorious. That a taxpayer does not learn until after the limitations period has run that a tax was paid in error, and that he or she has a ground upon which to claim a refund, does not operate to lift the statutory bar.' " *Sundance Homes, Inc. v. County of Du Page*, 195 Ill. 2d 257, 267 (2001) (quoting *United States v. Dalm*, 494 U.S. 596, 609 n.7 (1990)).

Accordingly, the applicable statute of limitations commenced when Redbox erroneously paid the taxes, not when it or the Department learned of the error. See 35 ILCS 105/21 (West 2016); 35 ILCS 120/6 (West 2016); *American Airlines, Inc.*, 402 Ill. App. 3d at 605; see also *Sundance Homes, Inc.*, 195 Ill. 2d at 267. Therefore, we conclude that because Redbox failed to file its refund claim within the three-year statute of limitations period or the agreed deadline in the parties' written extension agreement, its refund claim

for use tax paid during the first audit period is barred by section 21 of the UTA. 35 ILCS 105/21 (West 2016).

¶ 33    Redbox argues that the Department's position, that a credit can be applied up to three years after the filing of an audit report only to the extent the taxpayer incurred liability during the audit, violates the uniformity clause of the Illinois Constitution by creating a distinction between those incurring a liability during an audit and those entitled to a credit. Ill. Const. 1970, art. IX, § 2. Redbox contends that the Department is creating tax classifications based on the tax liability of a taxpayer without a reasonable basis. Redbox argues that "the Department has created two classes of audited taxpayers who may have similar claims for refund at the same time: (1) those taxpayers who discover, on their own, that they voluntarily and erroneously overpaid use taxes and yet cannot benefit from a claim for refund or credit; and (2) those taxpayers who the Department decided by audit owed additional tax and who paid that tax determined by audit, and who then can benefit from a claim." Redbox argues that "[t]he taxpayer with audited liability determined by the Department receives benefit [while] [t]he taxpayer with no audit liability receives no benefit."

¶ 34    The constitutionality of a statute is subject to *de novo* review on appeal. *Empress Casino Joliet Corp. v. Giannoulias*, 231 Ill. 2d 62, 69 (2008). "Statutes are presumed constitutional, and broad latitude is afforded to legislative classifications for taxing purposes." *Geja's Cafe v. Metropolitan Pier & Exposition Authority*, 153 Ill. 2d 239, 248 (1992). A reviewing court has a duty to uphold a statute as constitutional whenever it is reasonably possible to do so. *Empress Casino Joliet Corp.*, 231 Ill. 2d at 69.

17

¶ 35    "The uniformity clause of the Illinois Constitution is a 'specific limitation on the General Assembly in the exercise of its taxing power.' " *Sun Life Assurance Co. of Canada v. Manna*, 227 Ill. 2d 128, 136 (2007) (quoting *Searle Pharmaceuticals, Inc. v. Department of Revenue*, 117 Ill. 2d 454, 466-67 (1987)). The uniformity clause, contained in article IX, section 2, of the Illinois Constitution, provides:

> "In any law classifying the subjects or objects of non-property taxes or fees, the classes shall be reasonable and the subjects and objects within each class shall be taxed uniformly. Exemptions, deductions, credits, refunds and other allowances shall be reasonable." Ill. Const. 1970, art. IX, § 2.

¶ 36    The uniformity clause provides for a broader limitation on legislative power to classify for nonproperty tax purposes than the limitation that is provided for by the equal protection clause. *Empress Casino Joliet Corp.*, 231 Ill. 2d at 72-73. In a uniformity-clause challenge, however, the scope of a court's inquiry is relatively narrow. *Id.* at 73. A court is not required to have proof of perfect rationality as to every taxpayer. *Id.* "The uniformity clause was not designed as a straitjacket for the General Assembly. Rather, the uniformity clause was designed to enforce minimum standards of reasonableness and fairness as between groups of taxpayers." *Geja's Cafe*, 153 Ill. 2d at 252.

¶ 37    A party challenging a nonproperty tax classification has the burden to rebut the presumption of constitutionality and to clearly establish that the statute is unconstitutional by showing that the statute is arbitrary or unreasonable. *Empress Casino Joliet Corp.*, 231 Ill. 2d at 69. " 'To survive scrutiny under the uniformity clause, a nonproperty tax classification must (1) be based on a real and substantial difference between the people

18

taxed and those not taxed, and (2) bear some reasonable relationship to the object of the legislation or to public policy.' " *Id.* (quoting *Arangold Corp. v. Zehnder*, 204 Ill. 2d 142, 153 (2003)). If any state of facts can be reasonably conceived that would sustain the classification, it must be upheld. *Geja's Cafe*, 153 Ill. 2d at 248.

¶ 38   Redbox's proposed tax classification is misguided. If the former taxpayer discovers an erroneous payment and timely files a refund claim, then he is in the same position as the latter taxpayer who discovers an erroneous payment at the conclusion of an audit and timely files a refund claim. We thus agree with the Department that the statute of limitations provisions in the UTA and ROTA do not create two classifications of taxpayers, other than those who timely file a refund claim and those who do not, which is a real and substantial difference that bears a reasonable relation to the legislation. See *Empress Casino Joliet Corp.*, 231 Ill. 2d at 80 (with regard to tax on casinos with adjusted gross receipts over $200 million, no violation of uniformity clause because there was a  real and substantial difference between those taxed and not taxed and there was a reasonable relationship between the classification and the object of the legislation); *Geja's Cafe*, 153 Ill. 2d at 252-53 (with regard to tax imposed on sale of carry-out food purchased at restaurants but not grocery stores, no violation of uniformity clause because there was a real and substantial difference between those taxed and not taxed and there was a reasonable relationship between the classification and the object of the legislation).

¶ 39   The UTA and the ROTA's statute of limitations provisions are constitutionally permissible regulatory and procedural legislation governing the administration of tax refunds.

19

¶ 40 " 'The legislature may, without violating constitutional guarantees, enact statutes which limit the time within which actions may be brought ***. [Citation.] Even a substantive right created by a State constitution is governed and controlled in its enforcement and administration by regulatory and procedural legislation enacted by the General Assembly, which legislative enactments may include a limitation as to the period within which action may be taken to enforce the substantive right.' " *Langendorf v. City of Urbana*, 197 Ill. 2d 100, 111 (2001) (quoting *Horn v. City of Chicago*, 403 Ill. 549, 560 (1949)).

¶ 41 As noted by the Tax Tribunal, all taxpayers can file a claim for refund prior to the expiration of the applicable statute of limitations period, and all taxpayers may not file a claim for refund if the statute of limitations period has expired. If the UTA and ROTA's statute of limitations for refund claims is subject to the uniformity clause, it is based on strong public policy and on the real and substantial difference between taxpayers who file timely and untimely claims. See *Sundance Homes, Inc.*, 195 Ill. 2d at 266 (deadlines are indispensable part of orderly administration of justice, and it is thus reasonable to bar claims that are filed after a statutorily established deadline). Redbox has failed to rebut the presumption of constitutionality or to establish that the statute is unconstitutional by showing that it is arbitrary or unreasonable.

¶ 42 Redbox also argues that the Department's refusal to refund is confiscatory and unreasonable because the Department admitted that Redbox had overpaid its taxes by over $1.5 million, and it refunded only a fraction of that amount. As noted by the Department, however, Redbox seeks a case-specific exception reflecting individualized

20

equities, but the law requires strict interpretation of refund statutes (*Citibank, N.A.*, 2017 IL 121634, ¶ 40) and strict interpretation of statute of limitations provisions (*Giles*, 2018 IL App (1st) 163152, ¶ 18). We thus reject Redbox's arguments on appeal.

¶ 43                                     III. CONCLUSION

¶ 44     For the reasons stated, we affirm the judgment of the Tax Tribunal.


¶ 45     Affirmed.